UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LESLEE A. NELSON, et al., | Case No. 16-cv-03797-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART MOTION TO FILE UNDER SEAL** |
| RAYAH LEVY, et al., | Re: ECF No. 119 |
| Defendants. | |

## INTRODUCTION

The court assumes the reader's familiarity with the subject matter and procedural history of this case and the plaintiffs' motion to file under seal their motion to enforce the parties' settlement agreement.[1] The defendants have submitted a supplemental declaration in support of the motion to seal.[2] The court grants in part the motion to file under seal, as described below.

---

[1] *See* Order – ECF No. 122. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Pruner Suppl. Decl. – ECF No. 125.

**ANALYSIS**

The defendants first argue that the presumption of public access attaches to "judicial documents," and the parties' settlement agreement is probably not a "judicial document."[3] The defendants argue that "[t]he Second Circuit Court of Appeals 'strongly endorses the confidentiality of settlement agreements in virtually all cases,'" citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853 (2d Cir. 1998) and *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673 (S.D.N.Y. 2009).[4] This somewhat overstates the situation. "Whether the public has a presumptive right of access to settlement agreements depends on the court's role in the settlement." *Padilla v. Coleman Co. Inc.*, No. C 07-5211 VRW, 2009 WL 10703434, at *1 (N.D. Cal. Aug. 15, 2009). "There is no presumptive right of access to confidential settlement documents when the court need not approve or enforce the settlement." *Id.* (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004); *Glens Falls Newspapers*, 160 F.3d at 857). "But once a settlement is filed in district court, it becomes a judicial record." *Id.* (internal quotation marks and brackets omitted) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)); *accord, e.g.*, *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, No. CV 09-2094 MMM (AGRx), 2010 WL 11523739, at *2–3 (C.D. Cal. July 14, 2010).[5]

The defendants next argue that "it is common, and indeed a significant part of the economy surrounding the sale and purchase of fine art, for the terms of sale of fine art to be kept confidential."[6] The defendants assert that "some buyers enter the market only if the transaction can be kept confidential. Thus, the fine art market is harmed, and the parties to this case are generally harmed by extension, if the terms of their settlement as to the fine art transactions are not kept

---

[3] *Id.* at 2 (¶ 5).

[4] *Id.* (¶ 4).

[5] *Glens Falls Newspapers* and *Schoeps* are not to the contrary. The former addressed the confidentiality of preliminary settlement discussions, not a final settlement agreement. *See Glens Falls Newspapers*, 160 F.3d at 857. The latter addressed a settlement agreement that was submitted to the court only at the court's request and that was not the basis of any decision or action by the court. *See Schoeps*, 603 F. Supp. 2d at 676 n.2.

[6] Pruner Suppl. Decl. – ECF No. 125 at 2–3 (¶ 6).

confidential."[7] The defendants represent that "the disclosure and public record created by the proceedings and docket in this case have harmed the ability of defendant ArteQuesta to perform under the terms of the settlement agreement. This fact has harmed all parties, and has worked against the interests of the parties in reaching their settlement."[8] The court finds that the defendants have shown compelling reasons to keep sealed the identity of the specific artwork pieces at issue and the specific amount of money the defendants are required to pay the plaintiffs. *Cf. Autodesk, Inc. v. Alter*, No. 16-cv-04722-WHO, 2017 WL 1862505, at *8 (N.D. Cal. May 9, 2017) (allowing parties to keep their settlement amount confidential); *Pizza v. FINRA*, No. 13-cv-0688 MMC (NC), 2015 WL 1383142, at *2 (N.D. Cal. Mar. 19, 2015) (same); *see also In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3092256, at *2 (N.D. Cal. Mar. 16, 2018) (allowing parties to keep sealed settlement provisions regarding the amount of money that the defendant would spend on cybersecurity measures, as "disclosing specific funding levels could allow [defendant]'s competitors to have an advantage over [defendant] in providing cybersecurity services").

The motion to seal is not narrowly tailored, however. *Cf.* N.D. Cal. Civ. L.R. 79-5(b), (d)(1)(B) (motions to seal must be "narrowly tailored"). The fact that the parties had a dispute regarding artwork and that they reached a settlement agreement is, of course, a matter of public record.[9] It is also a matter of public record that the parties' settlement agreement included provisions (1) for defendant Rayah Rachel Levy International d/b/a "ArteQuesta" to transfer ownership of four certain original pieces of artwork to the plaintiffs, (2) for the plaintiffs to transfer seven certain original pieces of artwork to ArteQuesta, and (3) for the defendants to transfer a certain sum of money to the plaintiffs.[10] The defendants have not shown compelling reasons or good cause why the rest of the settlement agreement or the plaintiffs' motion to enforce

---

[7] *Id.* at 3 (¶ 6).

[8] *Id.* (¶ 8).

[9] *See, e.g.*, Second Amend. Compl. – ECF No. 60; Order of Dismissal – ECF No. 114.

[10] Pruner Decl. – ECF No. 126 at 2 (¶¶ 5–7).

(other than those portions that reference the specific artwork pieces at issue or the specific amount of money the defendants are required to pay the plaintiffs) should remain sealed. *Cf. Autodesk*, 2017 WL 1862505, at *8 (granting motion to seal settlement amount but denying motion to seal remainder of settlement agreement as not narrowly tailored).

The court therefore grants the motion to file under seal in part. The following portions of the plaintiffs' motion to enforce the settlement and attachments may remain sealed.

| | |
|---|---|
| Plaintiff's Notice of Motion, filed under seal at ECF No. 119-6 | 1. All dollar amounts.[11]<br>2. The artwork-piece names in ECF No. 119-6 at 5, line 3. |
| Declaration of D. Gill Sperlein, filed under seal at ECF No. 119-7 at 1–3 | 1. All dollar amounts. |
| Settlement Agreement, filed under seal at ECF No. 119-7 at 4–38 | 1. The dollar amount in Paragraph 2(a).<br>2. The portion of Paragraph 2(b) beginning just after "Return possession to Plaintiff Barth of those two (2) certain original artworks . . . ." through to just before the trailing "; and" at the end of Paragraph 2(b).<br>3. The portion of Paragraph 2(c) beginning just after "Return possession to Plaintiff Barth of those two (2) certain original artworks . . . ." through to the end of Paragraph 2(c).<br>4. The dollar amounts and the artwork-piece names in Paragraph 2(d).<br><br>(continued on next page) |

---

[11] In all instances, sealing must be narrowly tailored to seal only the dollar amounts and not any surrounding text. For example, the sentence that runs from lines 18 to 20 on ECF No. 119-6 at 5 should be sealed to read "The Court should order specific performance of this agreement and enter an order requiring payment of the total sum of $▮▮▮▮▮▮ to Plaintiff and pre- and post-judgment interest from August 8, 2018," without any additional sealing beyond the dollar amount.

ORDER – No. 16-cv-03797-LB    4

| | |
|---|---|
| | 5. The artwork-piece names in Paragraph 3(b). |
| | 6. The entirety of Exhibits A, B, and C. |
| Proposed Findings and Order, filed under seal at ECF No. 119-8 | 1. All dollar amounts. |
| | 2. The artwork-piece names in ECF No. 119-8 at 2, lines 15 and 25. |

The court directs the plaintiffs to file (publicly) a new redacted version and (under seal) a new unredacted and highlighted version of their motion to enforce the settlement and attachments consistent with the court's rulings in this order.

## CONCLUSION

The court grants in part the plaintiffs' motion to file under seal their motion to enforce the parties' settlement agreement

**IT IS SO ORDERED.**

Dated: October 17, 2018

_____
LAUREL BEELER
United States Magistrate Judge