UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LESLEE A. NELSON, et al., | Case No. 16-cv-03797-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AND FOR AN ENTRY OF JUDGMENT** |
| RAYAH LEVY, et al., | |
| Defendants. | Re: ECF No. 119, 129 |

Plaintiffs Leslee Nelson and Nancy Barth brought this case against defendants Rayah Levy, Jessica Jacobson, and Rayah Rachel Levy International d/b/a "ArteQuesta" and "Agents of Humanity in the Fine Arts" for an alleged investment-fraud scheme.[1] On August 8, 2017, the parties attended a settlement conference before the undersigned and settled the case in full.[2] The undersigned recited the material terms of settlement and the parties agreed to the terms, in court and on the record.[3] The parties subsequently entered into a written settlement agreement reciting the terms of their settlement.[4]

---

[1] Second Amend. Compl. – ECF No. 60. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Minute Entry – ECF No. 109.

[3] *See id.*

[4] Settlement Agreement – ECF No. 129-2.

ORDER – No. 16-cv-03797-LB

The plaintiffs voluntarily dismissed their claims against Ms. Jacobson, with each party bearing his or her own costs, expenses, and fees.[5] As for Ms. Levy and ArteQuesta (the "Levy Defendants"), the plaintiffs and the Levy Defendants agreed that (1) ArteQuesta would transfer ownership of certain pieces of artwork to the plaintiffs, (2) the plaintiffs would transfer ownership of certain pieces of artwork to ArteQuesta, and (3) ArteQuesta would transfer a certain sum of money (the "Settlement Amount") to the plaintiffs by August 8, 2018.[6] The parties further agreed that if the Settlement Amount was not timely paid, the plaintiffs could move the court to enter a judgment of no less than $250,000 in their favor and against the Levy Defendants.[7] The parties transferred the artwork as agreed.[8] The Levy Defendants did not pay the plaintiffs the agreed-upon Settlement Amount, however.[9] Instead, they paid the plaintiffs only $10,000,[10] which is a fraction of the Settlement Amount.

The plaintiffs move the court to enter a judgment of $250,000 against the Levy Defendants. The court can decide the plaintiffs' motion without a hearing. N.D. Cal. Civ. L.R. 7-1(b).

The Levy Defendants do not claim that they complied with the settlement agreement or timely paid the plaintiffs the Settlement Amount.[11] Instead, they say that they presented the plaintiffs an alternative offer to transfer to the plaintiffs certain additional pieces of artwork, an offer they claim is worth one-and-a-half times the value of the Settlement Amount.[12] They argue that the plaintiffs' rejection of their alternative offer deprives the plaintiffs of standing to enforce the original

---

[5] Stipulation and Order re Dismissal of Jacobson – ECF No. 112.

[6] Settlement Agreement – ECF No. 129-2 at 2 (¶ 2.a–c); *accord* Pruner Decl. – ECF No. 126 at 2 (¶¶ 5–7).

[7] Settlement Agreement – ECF No. 129-2 at 2–3 (¶ 2.d). The exact amount of the judgment under the settlement agreement depended on the value of certain pieces of artwork, but in no event would it be less than $250,000. *Id.* The court previously allowed the dollar amount in the settlement agreement to be sealed, Order – ECF No. 127, but because the amount of the proposed judgment is necessary for the court to enter judgment, the court unseals that dollar amount.

[8] Pruner Decl. – ECF No. 126 at 2 (¶¶ 5–6).

[9] *See id.* (¶ 7).

[10] *Id.*

[11] *Id.*

[12] *Id.* at 2–3 (¶ 8).

settlement agreement.[13] This argument is frivolous. The parties entered into a binding settlement agreement on the record before the undersigned and a written settlement agreement, and the Levy Defendants have no right to unilaterally change the settlement terms after the fact or choose for themselves what they will and will not pay the plaintiffs. *Cf. Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) ("[W]e cannot countenance a [party]'s agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her."). The court grants the plaintiffs' motion to enter judgment of $250,000 against the Levy Defendants pursuant to the parties' settlement agreement.

The plaintiffs also move the court to award them pre-judgment and post-judgment interest. The court finds that pre-judgment and post-judgment interest is appropriate here. *Cf. Adams v. Johns-Manville Corp.*, 876 F.2d 702, 710 (9th Cir. 1989) (affirming award of pre-judgment interest on motion to enforce settlement); *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (post-judgment interest is mandatory). In California, interest on a breach of contract (such as the settlement agreement) accrues at a rate of 10%. Cal. Civ. Code § 3289. Seventy-six days have elapsed between August 8, 2018 (when the Levy Defendants were supposed to pay the plaintiffs the Settlement Amount) and today, so the court awards the plaintiffs $250,000 $\times$ 10% $\times$ 76/365 = $5,205.48 in pre-judgment interest. Post-judgment interest will accrue after judgment is entered.

The plaintiffs also move the court to award them their attorney's fees expended in bringing their motion to enforce. Courts have the inherent authority to issue sanctions for willful violation of a court order or bad faith, which extends to cases in which parties agree to a settlement in court on the record and one party then does not follow through with the agreement. *Barefield v. Darden Rests. Inc.*, No. C14-03733 CRB, 2015 WL 4451813, at *2 (N.D. Cal. July 20, 2015) (citing cases). The court declines to award fees at this juncture, but it warns the Levy Defendants that it

---

[13] *Id.* at 3 (¶ 10).

will not countenance any further attempts to back out of or unilaterally revise the settlement they agreed to and may sanction them if they engage in any further noncompliance.

**IT IS SO ORDERED.**

Dated: October 23, 2018

_____
LAUREL BEELER
United States Magistrate Judge